# Bereal Hotel Co. v. Riggs Merchandising Service, Inc., et al.

*Gunnison, Fish, Gifford & Chapin,* for plaintiff.

*Brooks, Curtze & Silin,* for defendant.

ROSSITER, P. J., March 13, 1931.—In November, 1929, Riggs Merchandising Service, Inc., entered into a contract with the "Erie Dispatch Herald" (Record Publishing Company), under the terms of which the Riggs Company undertook to promote an advertising campaign in that newspaper, ostensibly for the benefit of the churches in the City of Erie. It was agreed that the representative of the Riggs Company should receive $50 a week from the amounts collected for this advertising, the balance to be applied as follows: $2000 to the churches, the cost of the advertising to the "Erie Dispatch Herald" at a reduced rate, and the balance remaining to the Riggs Company. Under the terms of the agreement all moneys from advertisers were payable to the "Erie Dispatch Herald."

A number of judgment creditors of Riggs Merchandising Service, Inc., have attached funds in the hands of the advertisers in this campaign, and motions of Record Publishing Company, intervenor, to dissolve these attachments are before the court. The testimony clearly shows that the representative of the Riggs Company has received more than $50 per week during the term of his service, and, therefore, the Riggs Company has no interest in the fund as to that item in the contract. We are of the opinion that the "Erie Dispatch Herald" was more than an agent for the collection of the cost of this advertising from the merchants. Under the contract, as amplified by a letter from the Riggs Company, the "Erie Dispatch Herald" was to collect sufficient of the proceeds of the campaign to pay the churches the amount due them and also to reimburse itself for the cost of the newspaper space. Therefore, the "Erie Dispatch Herald" had a vested interest in the funds produced by this advertising campaign, and the Riggs Company, disregarding the expense money, amounting to $50 a week, had no interest therein until after the churches had been paid and the "Erie Dispatch Herald" had received payment for its advertising. The testimony clearly shows that the proceeds of the campaign will be insufficient to pay both the churches and the newspaper, and, therefore, inasmuch as there is no surplus, the Riggs Company has no interest in the fund. The interest of the attaching creditors can rise no higher than that of the Riggs Company, and, therefore, the attachments must be dismissed.

Now, to wit, March 13, 1931, the rule granted May 5, 1930, on petition of Record Publishing Company to quash attachment, is made absolute.